**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4015**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SEAN ANTHONY ROBINSON, a/k/a Black,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:06-cr-204-HEH)

---

Submitted:  February 11, 2008       Decided:  February 14, 2008

---

Before WILLIAMS, Chief Judge, SHEDD, Circuit Judge, and William L. OSTEEN, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

William J. Doran, III, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Roderick C. Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Sean Robinson of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000) ("Count One"), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000) ("Count Three"). The district court sentenced Robinson to 420 months' imprisonment on Count One and the statutory maximum of 120 months' imprisonment on Count Three, both sentences to be served concurrently. Robinson appealed, contending the evidence was insufficient to support his convictions and the district court's finding that Robinson was responsible for 1767.2 grams of cocaine base at sentencing was clearly erroneous. Finding no error, we affirm.

We will affirm the jury's verdict if substantial evidence existed in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the Government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume the jury resolved all contradictions in the testimony in favor of the

Government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

In order to establish Robinson participated in a drug conspiracy as alleged in Count One, the Government was required to prove: (1) an agreement between two or more people to violate the law; (2) knowledge of the essential objective of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged conspirators.  United States v. Stewart, 256 F.3d 231, 250 (4th Cir. 2001).  In order to establish Robinson's violation of § 922(g)(1) as alleged in Count Three, the Government was required to prove:  (1) Robinson previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) Robinson knowingly possessed the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce.  See United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).  After thoroughly reviewing the trial transcript, we conclude substantial evidence supported the jury's verdict on both counts.

We review the district court's calculation of the quantity of drugs attributable to Robinson for sentencing purposes for clear error.  See United States v. Tucker, 473 F.3d 556, 560 (4th Cir. 2007) (stating standard of review); United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999).  In calculating drug amounts, the court may consider any relevant information, provided

that the information has sufficient indicia of reliability to support its accuracy. <u>United States v. Uwaeme</u>, 975 F.2d 1016, 1021 (4th Cir. 1992). After reviewing the materials before us on appeal, we conclude the district court properly adopted the probation officer's recommended calculation of drug quantity. We agree with the district court that this was a conservative estimate of drug quantities associated with Robinson's crimes.

Accordingly, we affirm Robinson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>